**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PASCUAL CEGUEDA RAMIEREZ (A.K.A JUAN), and FRANCISCO RODRIGUEZ, *individually and on behalf of other similarly situated*, <br><br> *Plaintiffs*, <br><br> -against- <br><br> HAAT BAZAAR INC. (d/b/a HAAT BAZAAR), MONSUR CHOWDHURY, KESHAB KUMAR SARKER, MOHAMMAD BHUIYAN, and SOWKAT BADAL, <br><br> *Defendants.* | Index No.: 1:21-cv-00539-AMD-PK <br><br> **SETTLEMENT AGREEMENT AND** <u>**RELEASE**</u> |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs PASCUAL CEGUEDA RAMIEREZ (A.K.A JUAN), and FRANCISCO RODRIGUEZ ("Plaintiffs"), on the one hand and Defendants HAAT BAZAAR INC. (d/b/a HAAT BAZAAR), and MOHAMMAD BHUIYAN ("Defendants") on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York District of New York, Civil Action No. **1:21-cv-00539-AMD-PK** (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny all claims including but not limited to any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of all claims Plaintiffs had against Defendants in the Litigation through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Thirty-Five Thousand Dollars and Zero Cents (**$35,000.00**) (the "Settlement Amount"). Of the

1

Settlement Amount, $12,470.13 shall be apportioned to Plaintiffs' counsel as attorneys' fees and costs, $20,952.78 shall be apportioned to Plaintiff Francisco Rodriguez and $1,577.09 shall be apportioned to Pascual Segeda Ramirez. The Settlement Amount shall be paid in eighteen (18) installments to Plaintiffs' attorneys for distribution to the Plaintiffs as follows:

    a. Installment One: Within thirty (30) days after the Court enters an Order approving the settlement agreement the Defendants shall make a payment in the amount of One Thousand Nine Hundred Forty-Four Dollars and Fifty-Two Cents ($1,944.52) payable to CSM Legal, P.C.

    b. Installment Two: Within thirty (30) days of the payment in Paragraph (1)(a) the Defendants shall make a payment in the amount of One Thousand Nine Hundred Forty-Four Dollars and Forty-Four Cents ($1,944.44) payable to CSM Legal, P.C.

    c. Installment Three to Eighteen: Within thirty (30) days of the previous installment payment, the Defendants shall make a payment in the amount of One Thousand Nine Hundred Forty-Four Dollars and Forty-Four Cents ($1,944.44) payable to CSM Legal, P.C.

    d. Defendants shall be in curable default in they fail to make the payments when due pursuant to Paragraph 1 of this Agreement. Plaintiffs or their authorized agent shall send a notice via Email and First Class Mail of such default addressed to Defendants whereupon Defendant shall have the right to cure the default within seven (7) business days of Defendants' receipts of Plaintiffs' notice of default.

2. <u>Release and Covenant Not To Sue</u>: Plaintiffs hereby expressly waive, release, and forever discharge and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiffs at any time have, had, claim or claimed to have had against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had, or claimed to have against Plaintiffs relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

    a. Plaintiffs represent that they have not filed any other lawsuit or any other wage and hour proceeding against any of the Defendants, except the Litigation released herewith. Plaintiffs also agree not to bring any wage and hour lawsuit or initiate any wage and hour proceeding for any claim waived in any paragraph of this Agreement, and agree, further, not to permit anyone else to do so on their behalf, to the maximum extent possible under applicable law.

3. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

5. <u>Acknowledgments</u>: Plaintiffs acknowledge that: they have been fully and fairly represented by counsel in this matter. Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. <u>Notices</u>: Notices required under this Agreement shall be in writing, by email, and shall be deemed given upon electronic transmission thereof. Notice hereunder shall be delivered, by email, to:

To Plaintiff:

**Ramsha Ansari, Esq.**
CSM LEGAL, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
(212) 317-1200
Email: ramsha@csm-legal.com

To Defendants:

**Mohammad Bhuiyan**
c/o Haat Bazaar
3711 73rd Street,
Jackson Heights, New York 11372
917-653-0946
Email: mohsinnoni@yahoo.com

7. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement.

9.  <u>Release Notification</u>:   Plaintiffs discussed the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with CSM Legal, P.C., Plaintiffs acknowledge that it is their choice to waive any claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys.  Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10.  <u>Counterparts</u>:   To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile or electronic transmission.

**PLAINTIFFS**

By: _____    Dated: _____
PASCUAL CEGUEDA RAMIEREZ (A.K.A JUAN)

By: _____    Dated: 10/12/2022
*/s/ Francisco R/*
_____        _____
FRANCISCO RODRIGUEZ

9.  Release Notification: Plaintiffs discussed the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with CSM Legal, P.C., Plaintiffs acknowledge that it is their choice to waive any claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys.  Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10. Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile or electronic transmission.

**PLAINTIFFS**

By: _____  Dated: **10-16-22**
PASCUAL CEGUEDA RAMIEREZ (A.K.A JUAN)

By: _____  Dated: _____

_____  _____
FRANCISCO RODRIGUEZ

**DEFENDANTS**

By: _____[signature]_____   Dated: 11/10/2022
HAAT BAZAAR INC. (D/B/A HAAT BAZAAR)

By: _____[signature]_____   Dated: 11/10/2022
MOHAMMAD BHUIYAN

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

PASCUAL CEGUEDA RAMIEREZ (A.K.A JUAN), and FRANCISCO RODRIGUEZ, *individually and on behalf of other similarly situated,*

*Plaintiffs,*

-against-

HAAT BAZAAR INC. (d/b/a HAAT BAZAAR), MONSUR CHOWDHURY, KESHAB KUMAR SARKER, MOHAMMAD BHUIYAN, and SOWKAT BADAL,

*Defendants.*

Index No.: 1:21-cv-00539-AMD-PK

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF            )

1. I reside in _Queens_ County, New York.

2. I, _Mohammad Bhuiyan_, am the President of Haat Bazaar Inc. (d/b/a Haat Bazaar). I am duly authorized to make this affidavit of confession of judgment on behalf of Haat Bazaar Inc. (d/b/a Haat Bazaar).

3. Haat Bazaar Inc. (d/b/a Haat Bazaar), maintains its principal place of business in Queens County located at 3711 73rd Street, Jackson Heights, New York 11372.

4. Pursuant to the terms of the Settlement Agreement and Release by and between Pascual Cegueda Ramierez (a/k/a Juan), and Francisco Rodriguez ("Plaintiffs") and Haat Bazaar Inc. (D/B/A Haat Bazaar) and Mohammad Bhuiyan (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against Haat Bazaar Inc. (d/b/a Haat Bazaar) in favor of Plaintiffs for the sum of Thirty-Five Thousand Dollars and Zero Cents ($35,000.00), less any payments made under the Settlement Agreement.

5. This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $35,000.00 to the Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of $35,000.00.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and

provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $35,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against Haat Bazaar Inc. (d/b/a Haat Bazaar).

Haat Bazaar Inc. (d/b/a Haat Bazaar)

By: _____

Title: President

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF New York    )

On November 10, 2022, before me personally came Mohammad Bhuiyan, to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is the President of Haat Bazaar, Inc. (d/b/a Haat Bazaar) the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Haat Bazaar, Inc. (d/b/a Haat Bazaar) and was authorized to do so.

_____
Notary Public

STACIE ITURBIDE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01IT6437038
Qualified in Queens County
My Commission Expires 08-01-2026

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| PASCUAL CEGUEDA RAMIEREZ (A.K.A JUAN), and FRANCISCO RODRIGUEZ, *individually and on behalf of other similarly situated,*<br><br>Plaintiffs,<br><br>-against-<br><br>HAAT BAZAAR INC. (d/b/a HAAT BAZAAR), MONSUR CHOWDHURY, KESHAB KUMAR SARKER, MOHAMMAD BHUIYAN, and SOWKAT BADAL,<br><br>Defendants. | Index No.: 1:21-cv-00539-AMD-PK<br><br>**AFFIDAVIT OF CONFESSION OF JUDGMENT** |

1. I reside in **Queens** County, New York.

2. Pursuant to the terms of the Settlement Agreement and Release by and between Pascual Cegueda Ramierez (a/k/a Juan), and Francisco Rodriguez ("Plaintiffs") and Haat Bazaar Inc. (D/B/A Haat Bazaar) and Mohammad Bhuiyan (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against myself, MOHAMMAD BHUIYAN in favor of Plaintiff for the sum of Thirty-Five Thousand Dollars and Zero Cents ($35,000.00), less any payments made under the Settlement Agreement.

3. This affidavit of confession of judgment ("Confession of Judgment") is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Confession of Judgment is annexed, which provides that Defendants are to submit a total sum of $35,000.00 to Plaintiff. The amount of this Confession of Judgment represents the settlement amount of $35,000.00.

4. This Affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, and where Plaintiffs are in full compliance with the terms of the Agreement, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, as a judgment for $35,000.00 (less any amounts already paid to Plaintiff pursuant to the Settlement Agreement), against me, MOHAMMAD BHUIYAN.

_____
MOHAMMAD BHUIYAN

Sworn to before me this
10 day of November 2022

_____
Notary Public

STACIE ITURBIDE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01IT6437038
Qualified in Queens County
My Commission Expires 08-01-2026